UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ABERCROMBIE & FITCH CO. and : | |
| ABERCROMBIE & FITCH TRADING CO., : | Case No. 09-807 |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | |
| : | |
| BEYONCE KNOWLES, : | |
| : | |
| Defendant. : | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR
COMPETITION, FALSE DESIGNATION OF ORIGIN, DECEPTIVE
TRADE PRACTICES ACT; AND INJUNCTIVE RELIEF**

Plaintiffs, Abercrombie & Fitch Co. and Abercrombie & Fitch Trading Co. (collectively "A&F"), seek injunctive and other relief against Beyonce Knowles ("Defendant") for trademark infringement, unfair competition, false designation of origin and deceptive trade practices with respect to Plaintiffs' federally registered FIERCE trademark for fragrance. As alleged more fully below, Defendant's sworn intent to use Plaintiff's FIERCE mark in the name of a fragrance, and her additional plans to launch her fragrance in early 2010, poses a likelihood of confusion as to source, affiliation, connection, association or permission between Plaintiffs and Defendant.

**PARTIES, JURISDICTION AND VENUE**

1.  Plaintiff Abercrombie & Fitch Co. is a Delaware corporation having its principal place of business at 6301 Fitch Path, New Albany, Ohio 43054. Abercrombie & Fitch Co., itself and through its wholly owned subsidiaries, designs, manufactures and sells casual clothing, fragrance and accessories across the country.

2. Plaintiff Abercrombie & Fitch Trading Co. is an Ohio corporation with its principal place of business at 6301 Fitch Path, New Albany, Ohio 43054. Abercrombie & Fitch Trading Co. is a wholly owned subsidiary of co-plaintiff Abercrombie & Fitch Co. and is the owner of Plaintiffs' FIERCE trademark. Abercrombie & Fitch Trading Co. has licensed Abercrombie & Fitch Co. and its subsidiaries to use its registered and common law trademarks. Abercrombie & Fitch Co. and Abercrombie & Fitch Trading Co. are "related companies" as defined in 15 U.S.C. § 1127 under the Lanham Act.

3. Defendant Beyonce Knowles is an individual and citizen of the United States. Upon information and belief, Defendant is a resident of Los Angeles, California.

4. This is a civil action arising from Defendant's infringement of A&F's FIERCE trademark. The claims alleged in this Complaint arise under the Lanham Act, 15 U.S.C. § 1051, *et seq.* and Ohio state law.

5. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a), and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over claims under state law.

6. This Court has personal jurisdiction over Defendant by virtue of her commission of tortious acts within the state of Ohio and this District and her transaction of business within the state of Ohio and this District. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to A&F's claims are occurring or will occur in this judicial district.

## STATEMENT OF THE CLAIMS

7. This case involves Defendant's planned manufacture, distribution, offering for sale, sale and use of fragrance products that infringe A&F's rights in its federally registered

FIERCE trademark for fragrance and is likely to cause confusion as to affiliation, connection, or association, of Defendant with A&F, or as to the origin, sponsorship, or approval of Defendant's infringing products by A&F.

8. As a result, this action seeks injunctive relief for: (i) trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1125, et seq.; (ii) false designation of origin in commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (iii) deceptive trade practices in violation of the Ohio Rev. Stat. § 4165.02(A)(2)(3); and (iv) unfair competition in violation of the common law of the State of Ohio.

## A&F'S FIERCE TRADEMARK FOR FRAGRANCE

9. Abercrombie & Fitch Co. is one of the largest manufacturers and retailers of high quality, casual apparel, fragrance and accessories for men, women and children. Abercrombie & Fitch Co. and its predecessors in interest have been engaged in the business of manufacturing and selling high-end apparel and related accessories in the United States since 1892.

10. A&F began using its FIERCE trademark at least as early as November of 2002 for fragrances.

11. A&F uses its FIERCE mark in connection with one of the signature scents for its Abercrombie & Fitch brand.

12. A&F sells fragrance under the FIERCE mark at over 350 Abercrombie & Fitch retail stores and through its website at www.abercrombie.com.

13. The FIERCE fragrance is regularly dispersed in every Abercrombie & Fitch store either through a scent machine or by store employees who periodically spray the fragrance throughout the entire store. A&F's intent is that all garments that leave the store have the FIERCE scent attached to them.

DM_US:22159669_2

14. A&F places the in-store displays for its FIERCE fragrance in prominent locations in the Abercrombie & Fitch stores including by the cash registers, and often on the front and forward table displays.

15. The United States Patent and Trademark Office has granted Abercrombie & Fitch Trading Co.'s predecessor a Federal Registration for the mark FIERCE for fragrances. The Registration (No. 2,713,598) issued on May 3, 2003.

16. Abercrombie & Fitch Trading Co. is the record owner of Registration No. 2,713,598 by virtue of Assignments recorded in the Assignment Branch on October 14, 2004 at Reel 3062, Frame 0294 and April 14, 2006 at Reel 3326 and Frame 0023. Attached hereto as Exhibit A is a copy of the registration certificate and the USPTO recordal of the assignment. This Registration was duly and legally issued, and is valid, subsisting and incontestable.

17. A&F has invested substantial effort, time and money in its FIERCE mark for fragrance.

18. A&F has made a significant investment in the promotion of its FIERCE mark for fragrance. A&F projects that it will have spent over $3 million in 2008 and 2009 alone on the scent machines that distribute the fragrance throughout the Abercrombie & Fitch stores.

19. Since long prior to the acts of the Defendant complained of herein, A&F has continuously used its FIERCE mark in commerce in the United States, including Ohio, on and in connection with fragrance.

20. As a result of this usage, A&F has nationwide common law rights to its FIERCE mark predating Defendant's usage.

21. To create and maintain goodwill among its customers, A&F has taken substantial steps to ensure that the fragrance bearing its FIERCE mark is of the highest quality.

22. A&F's investment in its FIERCE mark for fragrance has been successful. A&F's sales of fragrance under its FIERCE mark have thus far exceeded $190 million and projected sales for 2009 are $64 million.

23. As a result of its long use and promotion of its FIERCE mark, A&F has established its FIERCE mark as well-known and distinctive, among its actual and target purchasers of fragrance as well as among members of the public.

## DEFENDANT'S WRONGFUL ACTIVITIES

24. Defendant is an international pop singer and performance artist.

25. On November 18, 2008, Defendant began offering a new album, in Ohio and elsewhere, entitled "I am…Sasha Fierce."

26. According to the Defendant's website at www.beyonceonline.com, SASHA FIERCE is Defendant's "alter ego" that comes out when Defendant is working and on the stage.

27. In connection with the launch of the new album, Defendant filed a series of trademark applications for the SASHA FIERCE mark, swearing an intent to offer a variety of products under the SASHA FIERCE mark.

28. On September 11, 2008, Defendant filed an intent-to-use trademark application for the SASHA FIERCE mark covering, among other goods, CDs, and Defendant is already offering CDs for sale in Ohio and elsewhere under the SASHA FIERCE mark.

29. Also on September 11, 2008, Defendant filed an intent-to-use trademark application for the SASHA FIERCE mark covering, among other services, live musical concerts, and Defendant is already performing live musical concerts under the SASHA FIERCE mark.

5

30. On September 10, 2008, Defendant filed a sworn intent-to-use trademark application for the SASHA FIERCE mark covering fragrance. A copy of the application is attached hereto as Exhibit B.

31. Shortly after discovering Defendant's statement of intent to use the SASHA FIERCE mark in connection with fragrance, A&F requested Defendant to cease and desist unauthorized use of A&F's FIERCE mark in connection with fragrance.

32. Defendant disputed the likelihood of confusion as to the source of "the products and goods which currently are and may be in the future sold under the SASHA FIERCE mark," and refused to avoid use of the SASHA FIERCE mark with regard to fragrance.

33. On September 12, 2009, Defendant asserted to the United States Patent & Trademark Office, in response to a Notice of Opposition that Plaintiffs had filed to Defendant's application to register the mark FIERCE for fragrance, alleged "rights to compete with" A&F.

34. On September 15, 2009, Defendant announced that she had signed a deal with Coty Inc., a global fragrance and beauty company to market her new fragrance. Defendant stated that she had already developed a fragrance with Coty that personifies her as a woman. The fragrance is set to launch in early 2010.

35. Defendant is preparing to launch a fragrance using the SASHA FIERCE mark in effectuation of her sworn intent.

36. Defendant's unauthorized use of A&F's FIERCE mark in the manner described above:

    (a) is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties, as to the origin,

sponsorship, or approval of Defendant's products and services, or as to some affiliation, connection, or association of Defendant with A&F;

(b) enables Defendant to trade on and receive the benefit of goodwill A&F built up at great labor and expense over several years, and to gain acceptance for Defendant's products and services not solely on their own merits, but on the reputation and goodwill of A&F, its trademarks, and its products and services; and

(c) unlawfully removes from A&F the ability to control the nature and quality of products and services provided using its marks and places the goodwill and valuable reputation of A&F in the hands of Defendant, over which A&F has no control.

37. Unless these acts of Defendant are restrained by this Court, it will pose irreparable injury to A&F and to the public for which there is no adequate remedy at law.

## FIRST CLAIM FOR RELIEF

**Federal Trademark Infringement
Lanham Act § 32, 15 U.S.C. § 1114(1)**

38. A&F restates and realleges paragraphs 1 - 37.

39. The acts of Defendant constitute use in commerce of reproductions, copies, or colorable imitations of A&F's federally registered mark in connection with the sale, offering for sale, distribution and advertising of goods and services in violation of 15 U.S.C. § 1114(1).

40. Defendant's use of A&F's FIERCE mark on or in connection with such goods and services is likely to cause confusion, to cause mistake or to deceive.

41. Defendant's infringement is willful, with full knowledge and in conscious disregard of A&F's rights and with intent to trade off A&F's vast goodwill in its registered FIERCE mark.

42. Unless the foregoing alleged actions of Defendant are enjoined, A&F will suffer injury and damage.

## SECOND CLAIM FOR RELIEF

### Federal Unfair Competition and False Designation of Origin
### Lanham Act § 43(a), 15 U.S.C. § 1125(a)

43. A&F restates and realleges paragraphs 1 - 42.

44. Defendant's manufacture and distribution of a fragrance using the SASHA FIERCE mark is likely to cause confusion, mistake or deception as to the source or affiliation of Defendant's goods and services.

45. Defendant's unauthorized use of A&F's FIERCE mark falsely indicates that A&F or its agents are connected with sponsored, endorsed, authorized, or approved by, or affiliated with Defendant, or that Defendant is connected with, sponsored, endorsed, authorized, or approved by, or affiliated with A&F.

46. Defendant's unauthorized use of A&F's FIERCE mark in connection with her fragrance allows Defendant to receive the benefit of A&F's goodwill, which A&F has established at great labor and expense, and further allows Defendant to gain acceptance of her fragrance, based not on its own qualities, but on the reputation, investment, hard work and goodwill of A&F.

47. The acts of Defendant complained of herein constitute a false designation of origin, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

8

48.     The acts of Defendant complained of herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

49.     Unless the foregoing alleged actions of Defendant are enjoined, A&F will suffer injury and damage.

## THIRD CLAIM FOR RELIEF

### Violation of Ohio Deceptive Trade Practices Act

50.     A&F restates and realleges paragraphs 1 - 49.

51.     Defendant's actions in Ohio constitute deceptive trade practices in violation of Ohio Rev. Stat. § 4165.02(A)(2),(3).

52.     Unless the foregoing alleged actions of Defendant are enjoined, A&F will suffer injury and damage.

## FOURTH CLAIM FOR RELIEF

### Unfair Competition at Ohio Common Law

53.     A&F restates and realleges paragraphs 1 – 52.

54.     The acts of Defendant complained of herein constitute unfair competition in violation of the common law of Ohio.

55.     Unless the foregoing alleged actions of Defendant are enjoined, A&F will suffer injury and damage.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests that the Court enter judgment:

(a)     In favor of Plaintiffs and against Defendant on all of Plaintiffs' claims;

(b)     Preliminarily and permanently enjoining and restraining Defendant, her officers, agents, subsidiaries, servants, partners, employees, attorneys, assigns and affiliates, and all others in active concert or participation with her from:

9

      (i)     using A&F's FIERCE trademark, or any colorable imitation thereof, on or in connection with the manufacture, importation, advertisement, publicity, promotion, marketing, sale, purported licensing, or other distribution of fragrance;

      (ii)    doing any other act or thing likely to confuse, mislead, or deceive others into believing that Defendant or her products emanate from, or are affiliated or connected with, or sponsored or approved by, A&F;

      (iii)   further infringing A&F's FIERCE mark;

      (iv)   otherwise unfairly competing with A&F in any manner;

      (v)    destroying any records documenting the manufacture, license, sale or receipt of any fragrance product using the SASHA FIERCE trademark; and

      (vi)   assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (v), above

(c)     Requiring Defendant, in accordance with Section 36 of the United States Trademark Act, 15 U.S.C. § 1118, to deliver to A&F for destruction all labels, signs, prints, packages, bottles, receptacles, containers, product and advertisements in Defendant's possession or control bearing A&F's FIERCE mark and any colorable imitation thereof in connection with fragrance;

(d)     Requiring Defendant, in accordance with Section 34(a) of the United States Trademark Act, 15 U.S.C. § 1116(a), to file with the Court, and serve upon A&F, within thirty

(30) days after the entry and service on Defendant of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendant has complied with the terms of such injunction;

 (e) Awarding A&F reasonable attorney's fees, costs, and expenses pursuant to 35 U.S.C. § 285, 15 U.S.C. § 1117(a) and/or other applicable law, including Ohio Rev. Stat. § 4165.03(A)(2)(B); and

 (f) Awarding A&F such other relief as the Court may deem just and proper.

        Respectfully submitted,

        /s/ Marion H. Little, Jr.
        Marion H. Little, Jr.   (0042679)
        ZEIGER, TIGGES & LITTLE LLP
        3500 Huntington Center
        41 South High Street
        Columbus, Ohio  43215
        (614) 365-9900
        (Fax) (614) 365-7900
        little@litohio.com

        Trial Attorney for Plaintiffs

OF COUNSEL:

John G. Froemming
Jessica D. Bradley
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004
Telephone: (202) 383-0800
Facsimile: (202) 383-6610